UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> HUGHES MANUEL RODRIGUEZ-FUENTES, <br>    a.k.a. COMMANDANTE BARBIE, <br><br> Defendant. | Criminal No. 04-114-08 (RBW) <br><br> SEALED CASE |

**DETENTION MEMORANDUM**

      The Defendant, Hughes Manuel Rodriguez-Fuentes, a.k.a. Commandante Barbie, has been charged by indictment with conspiracy to manufacture and distribute cocaine, in violation of 21 U.S.C. §§ 959 and 960. The government requested a detention hearing, which was held on February 6, 2008. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

      The Defendant is charged with conspiring to manufacture and distribute cocaine. In an attempt to secure his release pending trial, defense counsel elicited the testimony of two witnesses who indicated that they were willing to pledge assets as collateral to secure the Defendant's release. First, Clara Triade Iriarte, the Defendant's cousin, testified that she owns

both a house and a condominium in College Park, Maryland and that she has approximately $560,000 in equity between the two properties. She also testified that the Defendant could live with her while he awaits trial. Second, Gabriel Enrique Iriarte, who is also the Defendant's cousin, testified that he would pledge his College Park house to secure the Defendant's release.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  *United States v. Westbrook* , 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure his future presence in court or the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant.  The Defendant is charged with conspiracy to manufacture and distribute cocaine, a serious drug offense carrying a maximum prison sentence of ten years or more.

The third factor, the history and characteristics of the Defendant, strongly favors detention.  Defendant is a resident of Colombia, where his wife and children currently live.  He has no legal status in this country aside from a fifteen-day special parole visa.  If that visa expires, he will be vulnerable to arrest and deportation, preventing this case from being resolved. Additionally, while Defendant has family members who are willing to collectively pledge $1,000,000 in property to secure his release, none of the property belongs to Defendant and

therefore he has no incentive to remain in the District of Columbia and return to court. Finally, the government points out that Defendant had the means and wherewithal to avoid arrest for several years in Colombia and to travel from Colombia to Venezuela to Curacao when he ultimately decided to turn himself in.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The grand jury found probable cause to believe that the Defendant conspired to bring cocaine into the United States. Cocaine is a dangerous drug that causes violence in and around the District of Columbia, and accordingly the Defendant poses a danger to the community.

### **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that the statutory presumption has not been rebutted and that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The Court also concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure Defendant's appearance at future court proceedings. Therefore, the government's motion for pretrial detention is granted.

Dated: February 6, 2008                          /s/
                                                 ALAN KAY
                                                 UNITED STATES MAGISTRATE JUDGE